IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02025-WYD-CBS

MICHAEL KEITH TIVIS,

    Plaintiff,

v.

DR. PATTY BEECROFT, M.D., and
MR. RON LEYBA, (Warden),

    Defendants.

## ORDER ADOPTING AND AFFIRMING
## MAGISTRATE JUDGE'S ORDER

THIS MATTER is before the Court on the Motion to Dismiss filed by Defendants Dr. Patty Beecroft, Warden Ron Leyba, and Physicians Assistant (P.A.) Ted Laurance on January 18, 2007 (docket #15).  The motion was referred to Magistrate Judge Shaffer by memorandum dated January 18, 2007, and a general Order of Reference dated November 3, 2007, which is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), D.C.COLO.LCivR. 72.1(C)(1).  Magistrate Judge Shaffer entered a Recommendation of United States Magistrate Judge on July 2, 2007, in which he recommends that the Motion to Dismiss, which the court treated as a motion for summary judgment, be granted and that judgment enter in favor of Defendants Beecroft and Leyba and against Plaintiff.  *Recommendation* at 17.  More specifically, the Magistrate Judge recommends that Plaintiff's claims against Defendants Beecroft and Leyba in their official capacities be dismissed with prejudice

under the Eleventh Amendment to the United States Constitution, that Plaintiff's claims against Defendant Leyba in his individual capacity be dismissed based on Plaintiff's failure to allege personal participation by Defendant Leyba in the alleged wrongful conduct, and that summary judgment enter in favor of Defendants Leyba and Beecroft on Plaintiff's claim for violation of his rights under the Eight Amendment and the Fourteenth Amendment.  *Id.* at 6-17.  Magistrate Judge Shaffer further recommends that Defendant Laurance be removed from the case caption, as he is not a party to this action, and that Defendant Ortiz be dismissed by agreement of the parties.  *Id.* at 17.

Plaintiff filed a timely objection to the Recommendation on July 13, 2007 (docket #50), which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff is an inmate at the Arkansas Valley Correctional Facility.  He suffers from degenerative joint disease.  Plaintiff claims that for six years, Defendants have been deliberately indifferent to his serious medical needs, in violation of his rights under the Eight Amendment, by failing to perform hip replacement surgery and failing to provide him with pain medication.  Plaintiff does not dispute the Magistrate Judge's recommendation that this action proceed only as to Defendants Leyba and Beecroft.  Nor does Plaintiff object to the Magistrate Judge's recommendation that the claims against Defendants Leyba and Beecroft in their official capacities be dismissed, or his recommendation that the claims against Defendant Leyba in his individual capacity be dismissed.  However, Plaintiff does dispute that Magistrate Judge's conclusion that

Defendant Beecroft's actions did not violate his rights under the Eight Amendment.

In order to sustain a claim for violation under the Eight Amendment, a plaintiff must show that prison officials acted with deliberate indifference to his serious medical needs.  *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).  Here, Defendants concede that Plaintiff suffers from degenerative joint disease.  However, it is Defendant Beecroft's opinion that hip replacement surgery is not warranted at this time, and that Plaintiff's pain can be managed with non-narcotic medication.  The Magistrate Judge recognized that "[t]he evidence demonstrates that there is a legitimate disagreement as to when hip replacement surgery should take place."  There is evidence in the record that various medical providers believe Plaintiff is too young to have hip replacement surgery.  The record also reveals that Dr. Beecroft recognizes Plaintiff's medical condition and has treated Plaintiff by prescribing him various pain medications over the years. The fact that Plaintiff disagrees with Dr. Beecroft's opinion regarding the need for hip replacement surgery and the type of medication Plaintiff should receive does not amount to "deliberate indifference" to his medical needs.  *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Cir. 1999) ("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation.").

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of July 2, 2007 (docket #48) date is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that the Motion to Dismiss filed by Defendants Dr. Patty Beecroft,

Warden Ron Leyba, and Physicians Assistant (P.A.) Ted Laurance on January 18, 2007 (docket #15) is **GRANTED**.

    Dated: September 24, 2007

BY THE COURT:
s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge